IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HUGO SOARES,

    Plaintiff,

    v.

BITPAY, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-5262-TWT

**OPINION AND ORDER**

This is a negligence action. It is before the Court on the Defendant BitPay, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 3], which is GRANTED.

### I.    Background[1]

This case arises from the Plaintiff Hugo Soares's use of the Defendant BitPay, Inc.'s payment platform "that specializes in enabling individuals and businesses to accept payments in Bitcoin and other cryptocurrencies." (Compl. ¶¶ 1, 3). Soares claims that he lost approximately $11.7 million in Bitcoin when his account was hacked on November 22, 2019, which he attributes to BitPay's alleged failure to exercise ordinary care in its development and maintenance of its platform. (*Id.* ¶¶ 13–14). Soares filed the present action on November 16, 2023, but he did not serve BitPay with process until January 11, 2024. BitPay

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

now moves to dismiss for failure to state a claim or, in the alternative, for summary judgment.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.     Discussion

BitPay moves to dismiss Soares's negligence claim, arguing that the claim is time barred under the four-year statute of limitations because Soares delayed nearly sixty days in serving BitPay after filing suit, thereby exceeding the statutory filing period. (Br. in Supp. of Def.'s Mot. to Dismiss, at 1–2). In his first response brief, Soares states that he intends to proceed on additional theories of relief besides his negligence claim, including manufacturing defects and design defects, and he requests leave to amend his Complaint. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 1–2). In his amended response brief, Soares contends that he alleges multiple instances of negligence that may have arisen after the alleged theft of his Bitcoin. (Pl.'s Am. Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 1–2).

"When service is made after the statute of limitations expires, the timely filing of the complaint will only toll the statute of limitations if the plaintiff demonstrates that she acted reasonably and diligently in attempting to obtain service as quickly as possible." *Bledsoe v. Off. Depot*, 719 F. App'x 980, 980 (11th Cir. 2018) (citation omitted). Under Georgia law, "a plaintiff has the burden of showing she exercised the required diligence and that there are no unexplained lapses in her attempts to serve the defendant." *Lipscomb v. Davis*, 335 Ga. App. 880, 880–81 (2016) (citation omitted).

Here, Soares offers no justification for his failure to timely serve BitPay

3

with process; rather, he contends that the diligence argument is moot because his alleged harms "could have occurred weeks or months after the date of the exploit."[2] (Pl.'s Am. Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 5). He appears to suggest that his injuries could have accrued over a longer interval of time than merely on the date of the alleged theft of his Bitcoin, which he implies would extend the statute of limitations for his claim, and he thus seeks discovery to support such a theory. (*Id.* at 3–4). But the Court agrees with BitPay that Soares's alleged injury accrued on November 22, 2019, when he learned of the alleged theft of his Bitcoin, as he pleaded in his Complaint. (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 6). Accordingly, the statute of limitations was set to expire on November 21, 2023, unless Soares could show he exercised diligence in serving process and thereby tolled the statute of limitations. But Soares has failed to carry his burden to show "that he acted in a reasonable and diligent manner in attempting to ensure that a proper service was made as quickly as possible." *Lipscomb*, 335 Ga. App. at 880 (alteration and citation omitted). Indeed, he offers no evidence at all that he acted in a reasonable or diligent manner in attempting to serve BitPay with process. Therefore, his claim should be dismissed for failure to state a claim.

---

[2] Soares uses the term "exploit" to refer to both the original alleged hacking of the BitPay platform in 2018 and the theft from his personal account in 2019. (*Compare* Pl.'s Am. Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 2, *with id.* at 3). The distinction is immaterial to the Court's findings.

Finally, Soares indicates in his initial response brief that he intends to proceed under other theories of relief. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 1–2). Although he makes no such indication in his amended response brief, he also does not disavow such an intent. Regardless, "where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (alteration and citation omitted). If Soares wishes to amend his complaint, he may move for leave to amend consistent with Federal Rule 15(a)(2).

## IV.  Conclusion

For the reasons set forth above, the Defendant BitPay, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 3] is GRANTED. The Plaintiff shall have fourteen days from the date of this Order to file a Motion for Leave to Amend his Complaint. If such a motion is not filed, the Clerk is directed to close the case and enter judgment in favor of the Defendant.

SO ORDERED, this __15th__ day of July, 2024.

*[signature: Thomas W. Thrash]*
THOMAS W. THRASH, JR.
United States District Judge