IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HUGO SOARES,

    Plaintiff,

    v.

BITPAY, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-5262-TWT

**OPINION AND ORDER**

This is a negligence action. It is before the Court on the Plaintiff Hugo Soares's Motion for Leave to File a First Amended Complaint [Doc. 11], which is DENIED.

## I. Background

This case arises from the Plaintiff Hugo Soares's use of the Defendant BitPay, Inc.'s payment platform. The Plaintiff alleges that his account on the Defendant's platform was hacked on November 22, 2019, resulting in a loss of approximately $11.7 million in Bitcoin. (Compl. ¶¶ 1, 3, 13-14). Soares filed the present action on November 16, 2023, but he did not serve BitPay with process until January 11, 2024. On July 15, 2024, the Court granted the Defendant's Motion to Dismiss, finding that the Plaintiff's claim was time-barred under the applicable statute of limitations because he had not timely served the Defendant before the statute of limitations expired and had not attempted to justify his failure to do so. (July 15th Op. and Ord., at 3-4). The Court directed

the Plaintiff to move for leave to amend within 14 days of the date of that Order if he wished to pursue additional theories of relief, and the Plaintiff timely filed the present motion. The Defendant responded in opposition.

## II.  Legal Standards

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted).

There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted). Leave to amend a complaint is considered futile "when the

2

complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v.* Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). The burden falls on the party opposing amendment to establish futility. *See Tims v. Golden*, 2016 WL 1312585, at *13 n.20 (S.D. Ala. Apr. 4, 2016) (collecting cases).

### III. Discussion

The Plaintiff argues that leave to amend is warranted because there has been no undue delay, bad faith, or repeated failure to cure inconsistencies in prior amendments, and because amendment would not be futile. (Pl.'s Mot. to Amend, at 3-4). He contends that he demonstrated reasonable diligence in attempting to serve the Defendant. (*Id.* at 4). In an attached affidavit, Plaintiff's counsel states that he relied on a local contract assistant, "Mrs. L," to handle administrative tasks for his firm. (Pl.'s Mot. to Amend, Ex. 2 ¶ 7). He explains that, after filing the Complaint on November 16, 2023, he gave instructions to Mrs. L and access to his PACER account on November 27th so that she could effectuate service. (*Id.* ¶¶ 12-13). He states that he was unaware that Mrs. L "had no prior experience hiring a process server, and did not understand the legal significance of serving a summons and complaint upon a party." (*Id.* ¶ 14). Ultimately, Plaintiff's counsel spoke to Mrs. L three more times, on December 7th, December 25th, and January 8th, and each time Mrs. L indicated for various reasons that service still had not been made. (*Id.*

¶¶ 17-28). After the January 8th conversation, he terminated Mrs. L's services and sought additional assistance to complete service, with the Defendant finally being served on January 11, 2024. (*Id.* ¶¶ 28-31).

In response, the Defendant argues that the Court directed the Plaintiff to move for leave to amend because he indicated in response to the motion to dismiss that he would like to proceed under other theories of relief, but that the Plaintiff did not add any additional theories to his proposed amended complaint. (Def.'s Resp. in Opp. to Pl.'s Mot. to Amend, at 2-3). The Defendant asserts that the time to prove reasonable diligence has long passed and that a post-dismissal amendment cannot "resurrect a claim that has already been dismissed for lack of diligence in effecting service of process." (*Id.* at 4). However, the Defendant contends, even if the Court's prior determination on the service issue is reconsidered, Plaintiff's counsel's affidavit "only serve[s] to underscore his complete absence of diligence in effecting service." (*Id.* at 5-6).

At the outset, the Court notes that the Defendant's interpretation of the Court's July 15th Order on the Defendant's Motion to Dismiss is correct and that the Court directed the Plaintiff to move to amend specifically if he wished to "proceed under other theories of relief." (July 15th Op. and Ord., at 5). The Plaintiff's proposed amended complaint does not contain any new theories of relief, and the Plaintiff admits as much in his Motion to Amend. (Pl.'s Mot. to Amend, at 1). The Court already addressed the Plaintiff's diligence (or lack

4

thereof) in effectuating service on the Defendant, concluding that he had "failed to carry his burden to show that he acted in a reasonable and diligent manner in attempting to ensure that a proper service was made as quickly as possible" and dismissing his negligence claim on the basis that the delayed service meant that the statute of limitations had run on November 21, 2023. (July 15th Op. and Ord., at 4) (quotation marks and citation omitted). The Plaintiff has not given the Court a sound basis to reconsider that finding, since motions for reconsideration are not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000). But even considering Plaintiff's counsel's new affidavit, the Plaintiff still fails to demonstrate the exercise of reasonable diligence in quickly effectuating service.

As the Court noted in its July 15th Order, "[w]hen service is made after the statute of limitations expires, the timely filing of the complaint will only toll the statute of limitations if the plaintiff demonstrates that she acted reasonably and diligently in attempting to obtain service as quickly as possible." *Bledsoe v. Off. Depot*, 719 F. App'x 980, 980 (11th Cir. 2018) (citation omitted). Under Georgia law, "a plaintiff has the burden of showing she exercised the required diligence and that there are no unexplained lapses in

5

her attempts to serve the defendant." *Lipscomb v. Davis*, 335 Ga. App. 880, 880-81 (2016) (citation omitted).

Here, Plaintiff's counsel's explanation of his attempts to serve the Defendant do not meet the *Lipscomb* standard because there are several lapses in his communications with Mrs. L. First, Plaintiff's counsel did not even initiate communications with Mrs. L until November 27th, nearly a week after the statute of limitations had run. (Pl.'s Mot. to Amend, Ex. 2 ¶ 13). Then, nearly two weeks went by before he spoke with Mrs. L again, and another two weeks before he spoke to her a third time, at which point it should have been clear to counsel that he needed to take matters into his own hands since, by his own explanation, Mrs. L seemed to not understand how to hire a process server. (*Id.* ¶¶ 17-26). Instead, counsel let another two weeks go by (in other words, six weeks total) before speaking to Mrs. L again and finally terminating her. (*Id.* ¶¶ 27-29). And most poignantly, once counsel terminated Mrs. L and engaged additional assistance, the Defendant was served a mere two days later. (*Id.* ¶¶ 29-31). While the Court certainly sympathizes with Plaintiff's counsel's struggle to manage his entire law practice himself as a solo practitioner, his struggles do not excuse him of the duty of demonstrating reasonable diligence in effectuating service of process. Moreover, under Georgia law, "the plaintiff[] [has] the sole, non-delegable responsibility to ensure that proper service has been obtained." *In re Air Crash Disaster Near*

*Brunswick, Ga.*, 158 F.R.D. 693, 700 (N.D.Ga. Sept. 23, 1994) (citing *Deal v. Rust Eng'g Co.*, 169 Ga. App. 60, 61 (1983); *see also Wadley v. Wormuth*, 2022 WL 433678, at *2 (S.D.Ga. Jan. 18, 2022) ("The responsibility for properly effecting service stands firmly with Plaintiff.").

For these reasons, leave to amend would be futile because the Plaintiff's lack of reasonable diligence in serving the Defendant after the statute of limitations expired on November 21, 2023 means that the statute of limitations was not tolled. *Cockrell*, 510 F.3d at 1310 (noting that leave to amend is futile when the amended complaint would "still be properly dismissed or be immediately subject to summary judgment for the defendant."). The Plaintiff's negligence claim is therefore time-barred. *Bledsoe*, 719 F. App'x at 980.

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Leave to File a First Amended Complaint is DENIED. The Clerk is directed to close the case.

SO ORDERED, this 24th day of September, 2024.

_____
THOMAS W. THRASH, JR.
United States District Judge